SHIVERS, Chief Judge.
Claimant appeals a workers’ compensation order denying compensability based on the Judge of Compensation Claims’ (JCC) finding that there was no accident in the course and scope of employment. We remand for further findings. On August 5, 1988 claimant filed a claim for benefits which indicated that he injured his back lifting a 60 quart bowl of yeast while working as a baker at Mr. Donut. The claim was heard for the purpose of determining whether claimant suffered a compensable injury and gave proper notice of it.
Claimant, his wife who also worked at Mr. Donut, and two former Mr. Donut employees, Melody Gambo and Margaret Mathias, testified regarding claimant’s back injury. Claimant testified about the details of the lifting incident and the prolonged and constant pain he suffered as a result. He said that he repeatedly told his employer, Russell Swart, about it, but Mr. Swart did nothing. With some inconsistencies between the two, claimant’s wife essentially corroborated claimant’s testimony. Melody Gambo testified that the day after claimant’s injury Mr. Swart told her that claimant would not be coming in because he was injured on the job. She noticed claimant was in a lot of pain and that Mr. Swart had to borrow a baker from another shop. She added that she was injured once on the job and Mr. Swart provided her a notice of injury to fill out and paid her doctor bill. Margaret Mathias testified that claimant came in one night bent over and looking awful and he told her that he had hurt his back.
Ruby Michner, an employee of Mister Donut at the time of hearing, testified that she saw claimant carrying a full yeast bowl several times after the alleged accident. She said that her daughter, who was employed at Mister Donut while claimant was there, injured herself on the job and had no trouble getting benefits paid.
Claimant’s employer, Mr. Swart, testified that claimant never told him that he had injured himself on the job. He said claimant never asked him about workers’ compensation insurance and none of claimant’s medical providers contacted him. He said the first time he was aware of a work-related injury to claimant’s back was when he received notice from claimant’s attorney in July 1988. He said that a notice from the carrier is posted on the back wall of the shop and that he has filed several notices of injury including one for employee Melody Gambo April or May 1987.
Dr. Egan, a chiropractor that treated claimant before December 1986 for back pain, testified by deposition that claimant’s first visit after December 1986 was February 3, 1987, about two months after the asserted Mister Donut injury. His progress notes and his ledger card on claimant indicated nothing in regard to a Mister Donut injury. He nevertheless testified from memory and from a narrative report which he compiled March 1989 in stating that during the February 3, 1987 visit claimant told him of the Mister Donut injury. E/C’s counsel asked Dr. Egan to produce that narrative report so Dr. Egan left the deposition room and later returned with a sheet of paper on which was written “Dec 86 Lifting 60 quart bowl of Dough felt pop in back. No notice of injury no W/C.”
Dr. Egan believed claimant suffered an injury as a result of the lifting incident and he felt as of his last visit, October 17,1988, claimant reached MMI. He felt a permanent disability is very likely but he declined to quantify the permanent impairment without a fuller examination or a neurological evaluation.
The JCC denied compensability finding claimant did not sustain an accident in the course and scope of his employment. He noted that Dr. Egan's progress notes and service records did not show any type of new trauma, additional symptoms, or new treatment around the alleged December *238 1986 injury date. He rejected Dr. Egan’s testimony and accepted the opinion of a handwriting analyst and document examiner who testified that Dr. Egan’s progress notes were reconstructed documents that had been prepared at one sitting.
The JCC found claimant’s testimony and that of his wife inconsistent and less than credible particularly in light of other testimony directly refuting the contention that after the lifting incident he could no longer lift a full yeast bowl. He also rejected Ms. Gambo’s and Ms. Mathias’s testimonies stating that their comments were not based on firsthand knowledge but were based on hearsay. He found Mr. Swart and other witnesses to be more credible. Claimant appeals the JCC’s rejection of favorable testimony.
Ms. Gambo’s testimony that Mr. Swart told her claimant had gotten hurt the night before at work qualifies as a section 90.-803(18) admission because it is a statement offered against Mr. Swart and is his own statement. See Ehrhardt, Florida Evidence, section 803.18 (2d ed.1984). The statement could perhaps also have been offered under the subsection (3) exception as proof of the declarant’s state of mind, i.e., whether he was on notice of claimant’s injury. We are unable to discern from the JCC’s order whether he rejected Ms. Gam-bo’s testimony solely due to the misconception that its contents was not excepted from the hearsay rule. We are also unable to determine whether knowledge that this testimony was excepted from the hearsay rule would have affected the JCC’s finding that no compensable injury occurred. As a result, we remand the matter to the JCC for further findings consistent with this opinion, and for the taking of further evidence if deemed necessary.
BOOTH and WOLF, JJ., concur.